```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                    DALLAS DIVISION

BOBBY RAY KIRBY, JR.,           §
                                §
              Plaintiff,         §
                                § Civil Action No. 3:09-CV-0007-D
VS.                             §
                                §
SAXON MORTGAGE SERVICES, INC.,  §
                                §
              Defendant.        §
```

## MEMORANDUM OPINION AND ORDER

In this *pro se* action by plaintiff Bobby Ray Kirby, Jr. ("Kirby") alleging violations of the federal Truth in Lending Act ("TILA"), defendant Saxon Mortgage Services, Inc. ("Saxon") moves for summary judgment. Kirby has not responded to the motion, and the court grants it for the reasons that follow.[1]

I

Kirby sues Saxon to recover under the TILA. In his April 24, 2009 "re-plead," which the magistrate judge has given Kirby leave to file as an amended complaint, Kirby alleges that a predecessor of Saxon[2] violated the TILA in connection with his July 1, 2005

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] Kirby alleges that Southwest Funding, LP was the original lien holder, and that it sold the loan to Novastar Mortgage, Inc., who transferred the loan to Saxon. Am. Compl. ¶ 6.

purchase of a tract of real property located in Ellis County, Texas. He maintains that due to several TILA violations, he is not bound to his original contract.

On June 22, 2009 Saxon filed a motion for summary judgment, contending that Kirby's TILA claim is barred by limitations and that Saxon is neither a creditor nor an assignee and therefore cannot be held liable under the TILA.[3] Kirby's response to the motion was due no later than July 13, 2009. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 20 days from the date the motion is filed.").[4] Kirby has not responded, and the motion is now ripe for decision.

II

Saxon's summary judgment burden depends on the ground on which it relies. The statute of limitations is an affirmative defense. Saxon will therefore bear the burden of proof on this defense at trial. Because Saxon will bear the burden of proof at trial, to

---

[3]On April 14, 2009 Saxon filed a motion to dismiss addressed to Kirby's complaint. In the magistrate judge's August 4, 2009 findings, conclusions, and recommendation, he recommends that the motion be denied as moot because Kirby has amended his complaint. In its summary judgment brief, Saxon addresses Kirby's "re-plead," and, to the extent Kirby relies on a state-law claim superseded by the "re-plead," it urges its motion to dismiss. D. Br. 3. Because the "re-plead" is an amended complaint that supersedes Kirby's complaint, the court need only consider Saxon's motion for summary judgment. And because the court is granting summary judgment dismissing the TILA claim asserted in the amended complaint, it need not address Saxon's motion to dismiss.

[4]July 13, 2009 is the Monday that followed the twentieth day.

obtain summary judgment on this basis, it must establish "'beyond peradventure all of the essential elements of the . . . defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).  This means that Saxon must demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law.  *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003).  The court has noted that the "beyond peradventure" standard is "heavy."  *See, e.g., Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.).

Regarding its other ground, Kirby will have the burden at trial of proving that Saxon is a creditor or an assignee who can be held liable under the TILA.  Because Saxon will not have the burden at trial, it can meet its summary judgment obligation by pointing the court to the absence of evidence to support Kirby's claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In its motion, Saxon points out that it is a loan servicer, not an original creditor or an assignee of the credit.  D. Br. 4-5.  Because Saxon has done so, Kirby must go beyond his pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the

evidence is such that a reasonable jury could return a verdict in Kirby's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). His failure to produce proof as to any essential element renders all other facts immaterial. See *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Kirby fails to meet this burden. *Little*, 37 F.3d at 1076.

### III

As noted, Kirby has not responded to Saxon's motion. His failure to respond does not, of course, permit the court to enter a "default" summary judgment. The court is permitted, however, to accept Saxon's evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, Kirby's failure to respond means that he has not designated specific facts showing that there is a genuine issue for trial on his TILA claim. "A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). The fact that Kirby is litigating this case *pro se* does not alter this rule. As the court stated in *Bookman*:

> There is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.

*Id.* at 1005.

Saxon has demonstrated beyond peradventure that Kirby's TILA claim is barred by limitations. It has also pointed to the absence of evidence that it is a creditor or an assignee of a creditor who can be held liable under the TILA. Kirby has not adduced evidence that would permit a reasonable jury to find in his favor in either respect. Saxon is therefore entitled to summary judgment.

*   *   *

Accordingly, Saxon's June 22, 2009 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

August 21, 2009.

SIDNEY A. FITZWATER
CHIEF JUDGE